OPINION
Defendant, James Savage, appeals from his conviction and sentence for theft and forgery.
On or about March 18, 1998, Savage presented a check to Erb Lumber in Springfield to pay for building materials he had purchased. The check was drawn on a credit union account owned by his sister, Jennifer Savage, who had closed the account several months earlier. Although the check purported to bear the signature of Jennifer Savage, she had not filled out or signed that check or authorized any one else to do so.
On or about April 15-18, 1998, James Savage cashed several checks at various Big Bear stores in Springfield. The blank drafts had been stolen from Parson's Hardware in West Jefferson. Those checks were made out to James Savage.
Savage was subsequently indicted by the grand jury. With respect to the Erb Lumber incident, Savage was charged in Case No. 98-CR-256 with one count of Theft, R.C. 2913.02, and one count of Forgery, R.C. 2913.31. With respect to the Parson's Hardware checks, Savage was charged in Case No. 98-CR-281 with six counts of Forgery, R.C. 2913.31. The two cases were consolidated for trial. Following a jury trial, Savage was found guilty on all eight charges. He was subsequently sentenced to terms of imprisonment totaling five years.
James Savage has timely appealed to this court from his conviction and sentence. He presents one issue for our review:
 THE TRIAL COURT ERRED IN ALLOWING EXTENSIVE TESTIMONY ABOUT MR. SAVAGE'S PRIOR BAD ACTS, IN VIOLATION OF OHIO'S EVIDENTIARY RULES AND MR. SAVAGE'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS. (Tr, p. 421-423). Evid.R. 404(B); Evid.R. 403; U.S. Const., amend. XIV; Section 16, Article 1, Ohio Const.
 Criminal liability requires proof, beyond a reasonable doubt, that a defendant (1) engaged voluntarily in conduct which the law prohibits (2) with the degree of culpability which the law specifies. R.C. 2901.21(A). The State is entitled to introduce evidence relevant to those matters when that evidence is admissible to prove them. However, the State may not introduce evidence of other matters involving the defendant which are extrinsic to the criminal liability alleged. More specifically, the State may not offer evidence in its case-in-chief of a defendant's bad character for the purpose of proving that he acted in conformity therewith on the occasion of the crime alleged. Evid.R. 404(A).
Evid.R. 404(A) is grounded in constitutional considerations of due process and fair trial. Evidence probative of a person's character creates an inference of propensity, which is an innate or inherent tendency to act in a certain way. When the propensity involved might demonstrate that he committed the crime alleged because he had committed other bad acts in the past, it is generally viewed as too speculative to be reasonable and fair.State v. Hawn (June 30, 2000), Montgomery App. No. 17722, unreported. As with most rules of evidence, however, there are exceptions.
One exception permits the State to offer evidence probative of a defendant's bad character to rebut evidence of his good character that a defendant has introduced. Evid.R. 404(A)(1). Another exception permits the State to offer evidence of a defendant's other crimes, wrongs, or acts, notwithstanding the inference of propensity they might create, when the evidence is probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B).
Any of the collateral matters in Evid.R. 404(B) must be a genuine fact in issue before the evidence may be offered to prove it. State v. Smith (1992), 84 Ohio App.3d 647; Hawn, supra. Those matters become a fact in issue when stated or suggested by argument of counsel or hypothesized by other evidence that has been introduced.
The State's evidence showed that James Savage, stole blank checks on a credit union account that Jennifer Savage had closed several months before. The evidence also showed that Defendant forged one of those checks and presented it to Erb Lumber in payment for building materials he had purchased. This evidence demonstrates an intent to defraud, which is a necessary element of the crime of Forgery, R.C. 2913.21, with which he was charged.
When he was interrogated by police, Defendant stated that his sister, Jennifer Savage, owed him money, and that in order to repay her debt she filled out and signed a check and gave it to Defendant to pay for materials he had purchased at Erb Lumber. According to Defendant, he had his sister's permission to use that check, and he didn't know that the check was drawn on a closed account. Thus, according to Defendant, he had no intent to defraud Erb Lumber when he presented the check as payment.
A tape recording of Defendant's police interrogation containing the foregoing explanation was offered in evidence by the State and was played for the jury without objection. The substance of the Defendant's explanation put in issue his intent,as well as the possibility of accident or mistake. Because those were facts in issue, the State was entitled to offer evidence of the Defendant's other acts pursuant to Evid.R. 404(B) to rebut them.
Over defendant's objection, the State introduced evidence that but two months prior to the Erb Lumber incident Defendant opened an account at Cornerstone Bank as custodian for his minor niece, Megan Dyer, who is Jennifer Savage's daughter. Defendant used checks when he opened that account which were stolen from his sister and drawn upon the same credit union account. The checks were made out to Defendant and purportedly signed by Jennifer Savage. She testified that she had not made out those checks or signed them or authorized anyone else to do so. Over a span of a few days, Defendant used these checks to make several "split deposits" at Cornerstone Bank, receiving part of the amount deposited back in cash. This resulted in a theft of almost $8,000 from Cornerstone Bank., Defendant argues that this evidence was offered solely to demonstrate his propensity for committing forgery, and that this inflammatory, highly prejudicial evidence of bad character was used to demonstrate that Defendant probably acted in conformity with that bad character on this occasion and committed the Erb Lumber crime as charged. Evidence offered for that purpose is clearly inadmissible per Evid.R. 404(A), and violative of a defendant's constitutional rights to due process and a fair trial.State v. Jamison (1990), 49 Ohio St.3d 182; Hawn, supra. The State argues, however, that the evidence concerning Defendant's actions at Cornerstone Bank was admissible per Evid.R. 404(B) to prove Defendant's intent to defraud when he presented the check to Erb Lumber. We agree.
The alleged offense concerning Erb Lumber charged Defendant with uttering a check that Defendant knew was forged, with purpose to defraud. R.C. 2913.31(A). Defendant's explanation for his conduct implied a denial of any intent on his part to defraud Erb Lumber. Defendant's "other acts" at Cornerstone Bank are temporally and circumstantially connected to the operative facts of the charged crime. This evidence tends to prove defendant's plan, his purpose or intent to defraud, and the absence of any mistake or accident on his part. Accordingly, the trial court did not abuse its discretion in admitting that evidence pursuant to Evid.R. 404(B). Furthermore, when the evidence was offered the trial court instructed the jury as to the limited purposes for which they could and could not consider this type of evidence., Defendant also complains of several incidents during the trial when there were "accidental disclosures of Savage's prior run-ins with the law." An examination of each of those incidents reveals that in most of them the trial court intervened and instructed the jury to disregard the witness' comment. At no time did Defendant object to these brief remarks by certain witnesses. Therefore, any error in that regard has been waived unless it rises to the level of "plain error." State v. Wickline (1990), 50 Ohio St.3d 114.
Plain error does not exist unless it can be said that but for the error the outcome of the trial clearly would have beenotherwise. State v. Long (1978), 53 Ohio St.2d 91; Wickline,supra.
After examining the overwhelming evidence of the Defendant's guilty, we cannot find that the plain error standard for reversal is met.
Savage's sole assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.